UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 4:12CR058

CLEVE CALLOWAY GORDON

## MOTION FOR COMMITMENT TO THE CUSTODY OF THE ATTORNEY GENERAL FOR HOSPITALIZATION AND TREATMENT

Comes now the United States of America, by and through the United States Attorney for the Northern District of Mississippi, and pursuant to the provisions of Title 18, United States Code, Section 4241(d) respectfully moves the Court to order the defendant, CLEVE GORDON, into the custody of the Attorney General of the United States specifically for the purpose of hospitalization and treatment in a suitable federal medical facility to determine whether he is restorable to competency or whether there is a substantial probability that in the foreseeable future he can be restored to competency. If at the end of the 120 days provided by statute, it is determined that the defendant's mental condition has not improved to the extent that the criminal proceedings in his case can go forward, the defendant will then be subject to the provisions of Title 18, United States Code, Sections 4246 and 4248. In that regard, a finding that he does not meet the statutory definition of a sexually dangerous person within the meaning of 18 U.S.C. § 4248 does not necessarily preclude a finding that he is dangerous and in need of hospitalization within the meaning of 18 U.S.C. § 4246.

If on the other hand the director of the facility wherein the defendant is hospitalized certifies that the defendant has recovered to the extent that he is deemed able to understand the nature and consequences of the proceedings against him and able to assist properly in his own defense, then Section 4241(e) provides that:

> The Court shall hold a hearing, conducted pursuant to the provisions of Section 4247(d), to determine the competency of the defendant. If, after the hearing, the Court finds by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the Court shall order his immediate discharge from the facility in which he is hospitalized and shall set the date for trial or other proceedings.

Since his arrest on the current Failure to Register charges, CLEVE GORDON has been evaluated at the Lafayette County Detention Center on September 25, 2014, by a local clinical psychologist, Dr. C. Gerald O'Brien, PhD. Dr. O'Brien concluded that CLEVE GORDON remains incompetent, because of his mental retardation, but Dr. O'Brien also noted a "possible lack of effort" during testing. Dr. O'Brien went on to note that:

> On the Twenty-One Word Test, a measure of effort and possible faking, was administered. His score of 8 of 21 correct is a low score, suggesting the possibility of lack of effort or faking bad. (sic)…. The inventory of legal knowledge (ILK) was administered. This is a brief instrument designed to assess feigning in the context of a competency to stand trial evaluation. His score of 37 (of 61) is suggestive of a feigned response style, that is, feigned limitations in his ability to understand or participate in the legal process.

The local competency evaluation by Dr. O'Brien essentially short circuited the normal process, and no restoration evaluation was thereafter conducted, although Dr. O'Brien parenthetically opined that Mr. GORDON is "unlikely to be restored to competency."

Title 18, United States Code, Section 4241(d) requires a restoration evaluation following a finding of incompetence. In many instances it is possible to restore an individual to competence and proceed to trial. The 120 day restoration evaluation is specifically designed to assess that possibility, and is therefore respectfully requested.

Respectfully submitted this 25th day June, 2015.

                                                      FELICIA C. ADAMS
                                                     United States Attorney

By: */s/Robert H. Norman*
     ROBERT H. NORMAN, MS Bar No. 3880
     Assistant United States Attorney
     Ethridge Professional Building
     900 Jefferson Avenue
     Oxford MS 38655-3608
     Telephone 662/234-3351
     Criminal Division Fax 662/234-0657

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 25, 2015, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

      Honorable Gregory S. Park
      greg_park@fd.org

      */s/Robert H. Norman*
      ROBERT H. NORMAN
      Assistant United States Attorney