UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                           CRIMINAL NO. 4:12CR058-B

CLEVE CALLOWAY GORDON

RESPONSE TO MOTION FOR RESTORATION EVALUATION

    Defendant, Cleve Calloway Gordon, by and through counsel, respectfully submits his response to the Motion for Commitment to the Custody of the Attorney General for Hospitalization and Treatment [71] filed by the prosecution, and would respectfully show as follows:

    1. The prosecution requests an order requiring hospitalization of Mr. Gordon to determine whether he is restorable to competency or whether there is a substantial probability that in the foreseeable future that he can be restored to competency. Three separate evaluations, two from the Bureau of Prisons (BOP) in 2012 and 2013, and the most recent court-ordered local evaluation dated October 14, 2014, have deemed Mr. Gordon incompetent to stand trial, and provided detailed reasoning supporting each conclusion.

    2. The restoration evaluation requested by the prosecution has already occurred. By order dated October 9, 2012, [20] an evaluation was requested regarding possible restoration to competency, and Dr. Ralph Newman, Staff Psychiatrist at the Federal Medical Center (FMC) in Butner, North Carolina, determined that Mr. Gordon cannot be restored to competency since he is mentally retarded. "There is no treatment available for mental retardation." *Dec. 12, 2012, FMC Report, p. 10 of 12.*

    3. The prosecution's motion [71] alludes to the October 15, 2014 report of Dr. Gerald

O'Brien, which concluded, "It is therefore my opinion that his intellectual and psychological difficulties render him incompetent to stand trial at the present time. In addition, particularly because of his level of intellectual functioning, it is also my opinion that he is unlikely to be restored to competence, regardless of future treatment efforts." Dr. O'Brien explained that the "overall (low) level of cognitive functioning appears to have contributed to" the response scores "suggestive of a feigned response style" referenced in the prosecution's motion. Dr. O'Brien did not determine that Mr. Gordon was malingering (nor has any other evaluator).

4. Mr. Gordon is mentally retarded. He has been retarded all of his life, including when he was initially convicted of his underlying sex offense and no meaningful inquiry was made regarding his competency. As Dr. Newman opined, "There is no treatment available for mental retardation."

REQUESTED RELIEF

Based on the grounds set forth above, Defendant, Cleve Gordon, respectfully requests that the prosecution's motion for another restoration evaluation be denied.

Respectfully submitted,

CLEVE CALLOWAY GORDON

BY:   /s/ Gregory S. Park
Gregory S. Park, MSB# 9419
Assistant Federal Public Defender
1200 Jefferson Avenue, Suite 100
Oxford, Mississippi 38655
(662) 236.2889
(662) 234.0428 (Fax)
greg_park@fd.org

<u>CERTIFICATE OF SERVICE</u>

I, Gregory S. Park, attorney for the Defendant, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that the following party will be notified electronically of filing:

Hon. Bob Norman, AUSA
bob.norman@usdoj.gov

Dated this the 30th day of June, 2015.

                                                 */s/ Gregory S. Park*
                                                 GREGORY S. PARK
                                                 Assistant Federal Public Defender