UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI


UNITED STATES OF AMERICA


V.                                                    CRIMINAL NO. 4:12CR058


CLEVE CALLOWAY GORDON


**GOVERNMENT'S RENEWED MOTION FOR COMMITMENT OF THE DEFENDANT
TO THE ATTORNEY GENERAL FOR TREATMENT AND RESTORATION TO
COMPETENCY PROCEEDINGS PURSUANT TO 18 U.S.C. § 4241 (D)**

Comes now the United States of America, by and through the United States Attorney for

the Northern District of Mississippi, and renews its motion for the defendant's commitment to the

Attorney General of the United States for Restoration to Competency Proceedings pursuant to 18

U.S.C. § 4241 (d).   In support of this motion, the United States would respectfully present to the

court the following:

1)   CLEVE CALLOWAY GORDON was examined by local doctor C. Gerald

O'Brien at the request of defense counsel to determine his competency to stand trial

on a Failure to Register Indictment returned in May of 2014.   Dr. O'Brien, who

met with GORDON on September 25, 2014, for clinical interview and

psychological test administration, found that GORDON is incompetent to stand

trial at the present time.   Specifically, O'Brien found that GORDON suffered from

"mild intellectual disability (mental retardation), borderline personality disorder,

and cannabis abuse."   While O'Brien offered an opinion that it was unlikely that

GORDON could be restored to competency due to his level of intellectual

1

functioning, O'Brien also noted that many of GORDON's test results suggested "possible lack of effort on ability tests," "faking bad" and scores that suggested a "feigned response style" or "feigned limitations in his ability to understand or participate in legal process."

2) If the Court is convinced that GORDON is incompetent to stand trial based on the evaluation conducted pursuant to 18 U.S.C. § 4241 (b), the statute provides that "the court shall commit the defendant to the custody of the Attorney General . . . for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the forseeable future he will attain the capacity to permit the proceedings to go forward. . ." *18 U.S.C. § 4241(d)(1).* While the United States acknowledges Dr. O'Brien's opinion that GORDON likely suffers from mental retardation, the Government respectfully submits that restoration proceedings pursuant to § 4241 (d) are still the next appropriate step in this case, and are particularly important in this case, as it appears that GORDON's test results may have been impacted by his own lack of effort, malingering, or feigning of disability.

3) GORDON is currently being held at the Federal Medical Center in Butner, North Carolina, awaiting further order from the Court. Counsel undersigned has been advised by psychologists at that facility that once the Court orders restoration proceedings pursuant to 18 U.S.C. § 4241 (d), GORDON will begin receiving treatment and attending classes aimed at restoring him to competency.

4)      Following the completion of the requested treatment, the United States requests a

hearing be held pursuant to 18 U.S.C. § 4247 (d) for final opinion on this

defendant's competency by the Court.

Respectfully submitted this 22nd day of July, 2015.

> FELICIA C. ADAMS
> United States Attorney
> By:  /s/ *Susan S. Bradley*
> SUSAN S. BRADLEY
> MS Bar #102629; TN Bar #018557
> Assistant United States Attorney
> Ethridge Professional Building
> 900 Jefferson Avenue
> Oxford MS 38655-3608
> Telephone 662/234-3351
> Criminal Division fax 662/234-0657

3

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 22, 2015, I electronically filed the foregoing with the Clerk of

the Court using the ECF system which sent notification of such filing to the following:

Honorable Gregory S. Park
greg_park@fd.org


/s/ *Susan S. Bradley*
SUSAN S. BRADLEY
Assistant United States Attorney